Sevan Gobel, Esq. (SBN: 221768)
sgobel@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
Telephone:  (213) 817-9152
Facsimile:  (213) 817-9154

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GARCIA,<br><br>        Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 through 20, Inclusive,<br><br>        Defendants. | CASE NO.<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>[Filed Concurrently with the Declaration of Sevan Gobel; Notice of Interested Parties]<br><br>State Action filed: 1/26/2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION ("COSTCO"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and removes Case No. 23SMCV00820 (the State Court Action) from the Superior Court of the State of California, County of Los Angeles.

## I. PLEADINGS AND PROCEEDINGS TO DATE

1. On January 26, 2023, the State Court Action commenced in the Superior Court of the State of California in and for the County of Ventura under Case No. 56-2023-00575010-CU-PO-VTA. In the State Court Action, Plaintiff JAIME GARCIA, set forth causes of action for: (1) Personal Injury; (2) Premises Liability; and (3) Negligence against Defendants COSTCO WHOLESALE CORPORATION, and DOES 1 through 20, inclusive.

2. On March 20, 2023, Plaintiff served COSTCO with the Summons and Complaint in the State Court Action. True and correct copies of the Summons and Complaint are attached as Exhibit A to the Declaration of Sevan Gobel (Gobel Decl.) filed concurrently herewith. Gobel Decl. ¶ 3.

3. On April 21, 2023, COSTCO filed and served an Answer to the Complaint in the State Court Action. A true and correct copy of COSTCO's Answer is attached as Exhibit B to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 4.

4. On April 21, 2023, Plaintiff served a Statement of Damages on Defendant at the same time as the Summons and Complaint. A true and correct copy of Plaintiff's Statement of Damages is attached as Exhibit C to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 5.

5. Plaintiff's Complaint is silent as to her citizenship information. Gobel Decl. ¶ 6; see Complaint, passim (Gobel Decl., Exhibit A).

6. On June 13, 2023, Plaintiff served responses to Form Interrogatories, Set One, wherein plaintiff stated in response to Interrogatory No. 2.5 that her present residence is located at 858 Congressional Rd., Simi Valley, California 93065. She has lived at this residence for over five years. A true and correct copy of Plaintiff's Responses to Form Interrogatories, Set One, is attached as Exhibit D to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 7.

///

7. On June 13, 2023, Plaintiff served responses to Request for Admissions, Set One, wherein she admitted in response to Request No. 26 to being a citizen of the State of California. A true and correct copy of COSTCO's Request for Admissions, Set One, and Plaintiff's Responses to Request for Admissions, Set One, are attached as Exhibits E and F to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 8.

## II. TIMELINESS OF REMOVAL

8. When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained the case is subject to removal. 28 U.S.C. § 1446(b)(3).

9. Here, COSTCO learned on April 21, 2023, the amount in controversy exceeded the requirement for Federal diversity jurisdiction, as Plaintiff's stated that her damages exceed the sum of $75,000. Gobel Decl. ¶ 5; Exhibit C.

10. Here, COSTCO learned on June 13, 2023, Plaintiff currently resides at 858 Congressional Rd., Simi Valley, California 93065 and is a citizen of the State of California. Gobel Decl. ¶¶ 7 and 8.

11. As such, this Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by COSTCO of an "other paper" (i.e., Plaintiff's responses to discovery served on June 13, 2023) from which it could first be ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b), and within one year of the filing of the Complaint.

## III. DIVERSITY JURISDICTION

12. Diversity is present when an action is between citizens of a state and citizens or subjects of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. §

1332.

13. Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Court Action's commencement. See Mann v. City of Tucson, 782 F.2d 790, 794 (9th Cir. 1986).

14. To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1099, 1090 (9th Cir. 1983).

15. Based on the discovery responses received on June 13, 2023, Plaintiff is a resident of Ventura County and a citizen of the State of California.

16. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

17. Defendant COSTCO both at the time this action was commenced and at the time it was removed to Federal Court, is a citizen of the State of Washington within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Washington, and a citizen of the State of Washington because its corporate headquarters and principal executive offices, and thus its principal place of business, are located in Issaquah, Washington. Gobel Decl. ¶ 9.

18. Defendants DOES 1 to 20 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

19. As such, there is complete diversity of citizenship because this action is brought between citizens of different states under the definition of 28 U.S.C. §

1332.

## IV. AMOUNT IN CONTROVERSY

20. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860-61 (9th Cir. 1996).

21. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969).

22. In this case, Plaintiff's Complaint alleges that Plaintiff suffered injuries when she was struck on the leg with merchandise while on the premises of the COSTCO's retail store located in Simi Valley, California on or about June 11, 2021. Gobel Decl. ¶ 3; Exhibit A at ¶GN-1.

23. Plaintiff's Statement of Damages states that she is seeking damages in the total sum of $1,735,000 for special and general compensatory damages. Gobel Decl. ¶ 5; Exhibit C.

24. As such, the amount in controversy as to Plaintiff's claims exceeds the jurisdictional amount of $75,000.

///

## V. VENUE

25. Venue of the State Court Action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because this is the judicial district of this Court in which the action arose and where the causes of action arose.

26. COSTCO will provide written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. section 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, County of Orange. Gobel Decl. ¶ 10.

27. COSTCO is currently represented by the undersigned attorney and agrees to this Notice of Removal.

WHEREFORE, Defendant COSTCO removes the above-entitled action now pending in the Superior Court of the State of California for the County of Orange to this Court, and that this Court assume full jurisdiction over this action as provided by law.

Dated: June 13, 2023

LAGASSE BRANCH BELL + KINKEAD LLP

By: _____
Sevan Gobel, Esq.
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION